UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMAINE BROWN,

    Plaintiff,

v.                                            Case No. 22-cv-0476-bhl

CO MOLINERA and
RACINE CORRECTIONAL INSTITUTION,

    Defendants.

## SCREENING ORDER

Plaintiff Jamaine Brown, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.95. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Brown's allegations are brief. He states that he "was ok before" but "was give[n] wrong meds" and now is confused and "need[s] help with everything." He states that someone had to help him "write this letter." He directs the Court to review the progress notes attached to his complaint. Dkt. No. 1 at 2. The attached progress notes are also brief. The first indicates that on December 31, 2021, Brown received the wrong medications and became unresponsive. According to the note, Brown was sent to the emergency room for further evaluation. Dkt No. 1-1 at 1. The second note, which is dated March 31, 2022, states that Brown was observed getting off his mattress without difficulty and was seen walking to his cell door, turning around, and placing his hands behind his back for cuffing. The author observes that there was no apparent dizziness or unsteady gait noted. *Id.*

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Brown's allegations do not state a claim under Fed. R. Civ. P. 8 because they fail to provide basic information such as what happened and who was involved. While the Court understands that Brown received the wrong medications, it is not clear who gave him the medications,[1] if the person who gave him the medications did so by mistake or intentionally, or what the person did or did not do after he/she realized the error. Further, Brown

---

[1] Brown names CO Molinera in the caption of his complaint, but Molinera is not mentioned in the allegations in the body of the complaint or in the progress notes attached to the complaint. The Court will not speculate on whether Molinera is the officer who allegedly gave Brown the incorrect medications.

3

fails to include a demand for the relief sought as required by Rule 8(a)(3). Accordingly, Brown's complaint must be dismissed.

The Court will give Brown an opportunity to file an amended complaint. If he wants to proceed with this lawsuit, the Court must receive his amended complaint by **July 8, 2022.** Brown should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. As Brown considers whether to file an amended complaint, the Court reminds him that "a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment violation." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). As such, an officer's one-time mistake in handing out medication is unlikely to state a constitutional claim upon which relief can be granted. *See Robinson v. Walker*, No. 18-cv-322-jdp, 2019 WL 3065897, at *1 (W.D. Wis. April 26, 2019) (holding that allegations that an officer gave the wrong medication failed to state a claim). A claim of negligence may be pursued in state court.

Brown is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Brown's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **July 8, 2022**, Brown may file an amended pleading curing the defects in the original complaint as described this decision. If the Court does not receive an amended complaint by the deadline, the Court will dismiss this case based on Brown's failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $348.05 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Brown is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

5

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on June 9, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge