UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMAINE BROWN,

          Plaintiff,

     v.                                         Case No. 22-cv-0476-bhl

JOSEPHINE MOLINARO,

          Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THIS CASE

     Plaintiff Jamaine Brown, an inmate at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on an Eighth Amendment claim based on allegations that Defendant Correctional Officer Josephine Molinaro failed to alert medical staff and/or monitor Brown after she gave him the wrong medication. On March 8, 2023, Defendant filed a summary judgment motion. For the reasons explained below, the Court will grant the motion and dismiss this case.

### BACKGROUND

     At the relevant time, Brown was an inmate at the Racine Correctional Institution where Molinaro worked as a correctional officer. On December 31, 2021, Molinaro was responsible for passing out medication. When she arrived at Brown's cell, she showed him three medication cards and asked him if those were his medications. After he said, "Yes, I'm taking those," she gave him the medication. She then moved to the next cell, at which point she realized she had given Brown the wrong medication. According to Molinaro, she immediately returned to Brown's cell and informed him she had given him the wrong medication. She also instructed him to try and throw

up so his body would not absorb the medication. Molinaro asserts that Brown laughed the situation off. Dkt. No. 26 at ¶1-17.

Brown did not appear to be in any distress, so Molinaro decided to take the medication cards directly to the sergeant's station so he could have the relevant information if he decided to report the incident to health services. Molinaro explains that, as a correctional officer, she does not have authority to make calls outside the institution or to health services, that is the sergeant's responsibility. Molinaro gave the medication cards to Sergeant Slayton and explained what happened; she then returned to Brown's cell with Sergeant Harlan. Sergeant Slayton called 911 and requested an ambulance within five minutes of Brown taking the medication. Dkt. No. 26 at ¶¶18-27.

The parties dispute what happened next. According to Molinaro, when she returned to Brown's cell, she observed that he was laying on his stomach and appeared to be breathing normally. Brown asserts, however, that he became unresponsive before Molinaro returned to his cell. At a sergeant's direction, Molinaro transported Brown's cellmate to a secure location so the paramedics could access the cell. Molinaro did not return to Brown's cell, but two sergeants remained at his cell to wait for the paramedics. Brown was transported to the emergency room but then returned to the prison later that night. Dkt. No. 26 at ¶¶28-37; Dkt. No. 34 at ¶4.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate (1) that he had an objectively serious medical condition, and (2) that a prison official was deliberately indifferent to his health or safety. *See Orlowski v. Milwaukee Cnty*., 872 F.3d 417, 423 (7th Cir. 2017). "[D]eliberate indifference describes a state of mind more blameworthy than negligence," *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), and it is the plaintiff's burden to show that the prison official acted with a "sufficiently culpable state of mind." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 747 (7th Cir. 2017). A prison official acts with a sufficiently culpable state of mind when he is aware of a substantial risk of serious harm, and "effectively condones the harm by allowing it to happen." *Eagan v. Dempsey*, 987 F.3d 667, 693 (7th Cir. 2021).

It is undisputed that Molinaro gave Brown the incorrect medication. But Brown also does not dispute[1] Molinaro's assertions that she showed him three medication cards and asked him if

---

[1] Brown did not respond to Molinaro's statements of fact as required by Fed. R. Civ. P. 56(c) and Civil L. R. 56(b)(2). Accordingly, the Court deems those facts admitted for purposes of deciding summary judgment. *See* Fed. R. Civ. P. 56(e)(2) and Civil L. R. 56(b)(4).

those were his medications. Dkt. No. 26 at ¶11. Nor does Brown dispute that he responded, "Yes, I'm taking those." *Id.* at ¶12. According to Molinaro, after giving Brown the medication and walking to the next cell with the medication cart, she realized the name on the cell door (Brown, Joel) was the name on the blister packs of medication that she had just given to Brown, whose first name also starts with a J. *Id.* at ¶¶14-15. Thus, on this record, no reasonable jury could conclude that Molinaro giving Brown the wrong medication was anything other than an accident. As the Supreme Court long ago explained, "[a]n accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Further, no reasonable jury could conclude that Molinaro's actions after she realized her mistake demonstrated deliberate indifference to Brown's health and safety. To the contrary, the undisputed record of her actions demonstrates a clear effort and intent to address the potential consequences of her error as quickly as possible. Molinaro immediately informed Brown of the error, instructed him to try and throw up, and then, when he seemed to her to be stable, took the medication cards to the sergeant so he could have all the relevant information to inform health services of what had happened. Molinaro and a sergeant then returned to Brown's cell to monitor him. As a result of her actions, an ambulance was called within minutes, and paramedics arrived not long after.

Brown asserts that, per policy, Molinaro should have reported her error over the radio rather than leaving his cell to report her error in person. But §1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations . . . ." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Thus, even if Molinaro's actions violated policies, such violations on their own are insufficient to support a deliberate indifference claim.

4

At bottom, the record confirms that Molinaro made a regrettable mistake, but such a mistake, without more, is insufficient to support a constitutional claim. And the facts also show that immediately after realizing her mistake, she acted to address the potential consequences. No jury could reasonably conclude she was deliberately indifferent to Brown's health and safety. She is therefore entitled to summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's summary judgment motion is **GRANTED** and this case is **DISMISSED**. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.